UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| W-J-C-V,<br>*an adult*,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LAURA HERMOSILLO, *Seattle Field Director for Immigration and Customs Enforcement and Removal Operations*; KRISTI NOEM, *Secretary of the Department of Homeland Security;* PAMELA BONDI, *Attorney General of the United States*; TODD LYONS, *Acting Director of Immigration Customs Enforcement*; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATON AND CUSTOMS ENFOCEMENT; U.S. DEPARTMENT OF JUSTICE,<br><br>　　　　Respondents. | Case No. 3:25-cv-02369-MC<br><br>**ORDER** |

MCSHANE, Judge:

Petitioner W-J-C-V was detained by Respondents on December 19, 2025. W-J-C-V filed a Petition for Writ of Habeas Corpus, ECF No. 1, and a Motion for Temporary Restraining Order, ECF No. 2.

Upon review of the Petition, the Court ORDERS:

Page 1 — ORDER

1. The Clerk of the Court must serve a copy of the Petition and this Order upon Respondents through the United States Attorney for the District of Oregon, Scott E. Bradford (scott.bradford@usdoj.gov).

2. Within three days of service of the Petition on Respondents, Respondents are ORDERED to show cause why the writ should not be granted.

3. A hearing is set for December 22, 2025 at 2:00 PM by videoconference to discuss whether good cause exists to adopt a different briefing schedule, to set a hearing date, and to address any requests for interim relief. **In addition, at the hearing, Respondents shall inform the Court of the statutory basis for Petitioner's detention. Respondents shall also inform the Court of any jurisdictional challenge, as discussed below.**

4. Although a United States District Court generally lacks subject-matter jurisdiction to review orders of removal, see 8 U.S.C § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218–19 (2021) (*quoting United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give this Court the opportunity to determine whether it has subject-matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order the respondent to preserve the status quo. *See United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless

the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 294–95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

5. Unless otherwise ordered by this Court, Respondents are ORDERED not to move Petitioner outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed, Petitioner shall not be moved out of the District of Oregon for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

6. If Respondents have already moved Petitioner outside of this District, Respondents are ORDERED to notify the Court by 2:30pm on December 20, 2025. Such notice must be filed in writing and on the docket in this proceeding. Respondents are further ORDERED to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

7. If Respondents have already moved Petitioner outside of this District, Respondents are ORDERED not to further move Petitioner from Petitioner's current location without first

providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed, Petitioner shall not be moved for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

8. Lastly, to expedite Respondents' ability to file a Response to the Petition, Petitioner is ORDERED to share his "Alien Registration Number" (if known) with Respondents within 24 hours of the filing of this Order.

**IT IS SO ORDERED.**

DATED this 19th day of December, 2025.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge