UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| W-J-C-V, *an adult*,<br><br>    Petitioner,<br><br>    v.<br><br>LAURA HERMOSILLO, *Seattle Field Director for Immigration and Customs Enforcement and Removal Operations*; KRISTI NOEM, *Secretary of the Department of Homeland Security;* PAMELA BONDI, *Attorney General of the United States*; TODD LYONS, *Acting Director of Immigration Customs Enforcement*; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATON AND CUSTOMS ENFOCEMENT; U.S. DEPARTMENT OF JUSTICE,<br><br>    Respondents. | Case No. 3:25-cv-02369-MC<br><br>**ORDER** |

MCSHANE, Judge:

Respondent Immigration and Customs Enforcement detained Petitioner W-J-C-V on December 19, 2025. The same day, W-J-C-V filed a Petition for Writ of Habeas Corpus (ECF No. 1) and a Temporary Restraining Order (ECF No.2). Also on December 25, Respondents released Petitioner from detainment. Resp. to Pet. 10, ECF No. 10. Because W-J-C-V failed to

Page 1 — ORDER

prosecute his petition and has not complied with this Court's order, and because the Petition is moot, his Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED.

On January 5, 2026, W-J-C-V's counsel filed a Motion to Withdraw as Counsel. ECF No. 9. On January 7, Respondents responded to the Petition for Writ of Habeas Corpus. ECF No. 10. On January 9, this Court granted the Motion to Withdraw as Counsel and ordered W-J-C-V to file a brief in support of his Petition or, in the alternative, a Status Report updating the Court as to the status of his representation by January 14, 2026. ECF No. 14.

"Failure to prosecute and failure to comply with a court order may lead to dismissal with prejudice. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Because W-J-C-V failed to meet the Court's order by the January 14 deadline, his Petition is dismissed.

Moreover, W-J-C-V's Petition is moot. "[A] case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007). Even after a petitioner is released from custody, a habeas petition may still present a live controversy if there exists a 'collateral consequence' that "may be redressed by success on the petition." *Id*. at 1064. Following his release from custody on December 19, Petitioner is no longer suffering an actual injury of detention. Nor has a party argued that collateral consequences exist. Because of the lack of an actual injury or collateral consequence, the Petition for Writ of Habeas Corpus is moot.

For the foregoing reasons, W-J-C-V's Petition for Writ of Habeas Corpus, ECF No.1, is DISMISSED without prejudice to his ability to seek habeas relief should he be re-detained.

**IT IS SO ORDERED.**

DATED this 10th day of February 2026.

                                                       /s/ Michael McShane
                                                         Michael McShane
                                          United States District Judge